■ In the Matter of the Claim of JOSEPH PONZI, Respondent, v. JACK KRAMER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* An employer and its insurance carrier appeal from a decision of the Workmen's Compensation Board dated August 12, 1963. While removing pipe fittings from a wall by means of a wrench on October 27, 1933 claimant, a plumber, ruptured a pre-existing tubercular lesion of the lung from which causally related pulmonary tuberculosis was found to have resulted. For a period of about one year claimant was confined in various hospitals in the City of New York for treatment of the condition and thereafter was transferred to a sanatorium in Saranac Lake, New York, where he remained a patient for three years. The expense of the institutional care was borne by the carrier. The compensability of his claim for accidental injury was established on February 21, 1934. In 1938 claimant left the sanatorium to reside in an apartment in the Village of Saranac Lake under an arrangement with the carrier, the terms of which were stated in a letter of July 6, 1938 which read as follows: "This is to advise you that following a conference in this office, that we will allow the $18.00 a week now paid for board to go to you direct toward payment of an apartment, together with the other incidentals. As soon as you have obtained a place and moved in please notify us. This is to notify you that there will be no other allowances made in this case." Payment of the stipulated weekly allowance, apparently later confirmed by a Referee on April 1, 1954, was made to claimant until August, 1962. By board decision dated November 11, 1948 claimant was classified as permanently and totally disabled. It directed appellants to continue payment of workmen's compensation at the maximum rate of $21 per week for the balance of his life or until the case was reopened by the board and in addition to furnish medical care to claimant when needed. On August 6, 1962 the carrier notified the board that it had stopped payment of the $18-per week allowance for the reason that need for further "Hospitalization, active medical treatment, nursing care" had terminated and later filed supportive reports of two medical consultants. By order dated August 23, 1962 the board restored the case to the Referee's Calendar "for further consideration of necessity for continued medical care and incidental expenses at Saranac Lake, N. Y., for both sides to produce their evidence and for completion of the record with respect to propriety of carrier terminating such treatment and whether such action is in violation of the decision herein." Following two adjournments of hearings scheduled for November 23, 1962 and January 30, 1963 a hearing was held before a Referee on March 27, 1963 at which it was stated that the award of compensation was being paid. The Referee thereupon brought the original award made in 1948 to date and directed its continuance at the same rate. He also directed that the carrier pay claimant "eighteen dollars

per week from 8-6-62 without prejudice for nursing care" and since the carrier was not prepared to proceed continued the case for one month to take the testimony of claimant, his attending physician and three lay witnesses in support of its position. Instead of producing such proof on the adjourned hearing date fixed appellants elected to apply to the board for a review of the Referee's decision. In affirming the Referee the board found that although claimant's degree of disablement was less than total "he ha[d] no marketable earning capacity", that the nursing care should be continued and payment made to claimant at "$18.00 a week". The record contains reports of the attending physician certifying that claimant would never be able to resume his usual work which we account substantial evidence supportive of the board's finding of the unmarketability of his earning capacity. In the light of the board's continuation of the case to the Referee's Calendar for further consideration which plainly would encompass an evaluation of the carrier's undertaking of 24 years earlier to pay to claimant a flat weekly sum in satisfaction of its statutory duty to provide care and treatment (Workmen's Compensation Law, § 13, subd. [a]), it was not arbitrary meanwhile to require the payment of the stipulated allowance. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.