In the Matter of the Claim of JOHN MIRKO, Respondent, v THOMAS THORSEN et al., Appellants. WORKMEN'S COMPEN-SATION BOARD, Respondent.

Third Department, April 20, 1978

## APPEARANCES OF COUNSEL

*Caputo & Capobianco (Philip J. Caputo* of counsel), for appellants.

*Samuel P. Fensterstock* for John Mirko, respondent.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

## OPINION OF THE COURT

HERLIHY, J.

The facts of the case are unusual and draw attention to an aspect of compensation benefits or liabilities not often reviewed by the courts.

The claimant sustained a permanent total disability at the age of 18 in 1948. The disability was described in a medical examination report dated July 30, 1953 by a board physician as follows: "He has paraplegia of both lower extremities requiring the use of braces, crutches and a wheelchair. There are defects in motor and sensory changes. There are defects in motor and sensory reactions below the umbilical region. He has no control of both the bladder and rectal sphincter."

It is undisputed that until some time in 1950 or 1951 the claimant resided in hospitals or wards at the expense of the carrier; that in 1950 or 1951 the carrier established the claimant in a room at a hotel and paid all of the living expenses attendant thereto, including food; that in 1964 the claimant was considering marriage and the carrier agreed to make "subsistence payments" of $400 per month to him in lieu of the hotel living formerly provided; and, that on July 12, 1967 the carrier applied to the board for a determination of its liability for such payments.

On July 13, 1967, the carrier sent a letter to claimant wherein it acknowledged and agreed as follows: "John, as we discussed on the telephone, the Reinsurance Company has agreed to my recommendation to increase your monthly expense allowance to $450 as a pure compromise between the increased expenses that you are experiencing along with your present living situation as compared to the cost of living that would have been experienced had you remained at the Prince George Hotel in Manhattan. I am sure you recognize that complete consideration has been given to this additional allowance and that you appreciate the position of the company in this respect."

On September 2, 1969, the carrier in a letter from its legal counsel to the board acknowledged that the claimant was receiving $450 per month for subsistence and applied for the withdrawal of its previous application for a hearing and review of such payments. Pursuant to that letter, a referee's decision was rendered in October of 1969 closing the case and finding that the carrier was "responsible" for subsistence payments.

. By a letter dated October 24, 1974 the claimant's legal counsel requested a reopening of the case upon the ground that the cost of living had so increased that subsistence should be increased by $200 per month to $650 per month. The carrier's legal counsel responded with a letter dated November 11, 1974 wherein it was asserted "that the carrier is not responsible for subsistence payments."

Hearings were held before a referee on July 8 and September 17, 1975. Upon the present record the only evidence is that as of 1964 when the lump-sum payments were instituted, the claimant's medical condition required care and attention by others for his daily needs including meals and lodging as those items were continually provided by the insurance carrier. The record does not disclose any change in that medical condition and the referee at the hearing of July 9, 1975 observed "the man apparently needs custodial care". Nevertheless, the carrier maintained that it was not responsible for *any* so-called subsistence payments and such past payments were simply acts of generosity on its part. The carrier also objected to particular expenses such as "Blue Cross", utilities, toiletries and transportation.

While the carrier seems to now dispute the medical necessity of housing, meal preparation and service, the record

establishes that such liability was initially accepted on a monthly lump-sum basis in lieu of other forms of custodial care. The carrier has not shown any change in the claimant's medical condition which would establish a lessening of need for custodial care. Further, while the carrier objects to certain portions of the itemized costs of the claimant, the carrier did not establish that on an over-all basis the compensable items were less than the sum of $650 as awarded by the referee.

The board found: "Upon review of the entire record the Board Panel finds that the issues raised by the carrier's attorney in this instance are essentially the same issues which were raised by the carrier in their appeal of 1969 which the carrier then withdrew conceding the liability of the carrier for the items in dispute. Accordingly, the Referee decision filed October 30, 1975 is affirmed."

In the case of *Matter of Ponzi v Kramer* (23 AD2d 914) this court affirmed a decision of the board which continued payments of a flat monthly sum of money to a claimant in satisfaction of its duty to provide care and treatment. In *Ponzi* it was noted that the carrier was to receive an evaluation of its undertaking at further hearings. In the present case the record reveals that the case was reopened by the board for further consideration of the payment, but in 1969 the carrier withdrew its request for further consideration and did not appeal the referee decision rendered pursuant to that withdrawal.

██ ██ Upon the present record it cannot be said that the board's refusal to further consider the question of subsistence payments was arbitrary because the carrier has had ample opportunity to raise that question in the past and has deliberately waived such opportunity. The further questions of particular items such as "Blue Cross" are not so substantial that if stricken there would be no substantial evidence to support the increase of payments from $450 per month to $650.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

GREENBLOTT, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.